UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | Case No. 2:21-cr-113 |
| | ) | |
| LAWRENCE JACKSON, | ) | |
|     Defendant. | ) | |

## MOTION FOR A BILL OF PARTICULARS

NOW COMES Defendant Lawrence Jackson, through counsel, and submits this motion for a bill of particulars. Mr. Jackson's motion addresses Count 6, which alleges a violation of 18 U.S.C. § 924(c) "in our about the summer of 2021 and on or about November 23, 2021." It further alleges that Mr. Jackson brandished the firearm. While the brandishing of a firearm carries a higher mandatory minimum penalty, the superseding indictment does not provide a date on which this is alleged to have occurred or identify a firearm alleged to have been involved. Without such crucial information, Mr. Jackson is unable to investigate or otherwise prepare an adequate defense.[1] Accordingly, the Court should grant his motion.

### Background

Mr. Jackson is charged in a seven count indictment with distributing cocaine and cocaine base on three occasions in August and September 2020 (counts 1-3); with maintaining a residence for purposes of distributing illegal narcotics (count 4); with possessing cocaine and cocaine base with the intent to distribute the

---

[1] Counsel understands from consulting with opposing counsel that a superseding indictment may be forthcoming and files this motion out of an abundance of caution given the September 2, 2022 motions deadline. Counsel further understands that future discovery productions may yield some of the evidence that heretofore was absent.

[1]

substances (count 5); with possessing a firearm in furtherance of a drug trafficking crime, and with brandishing the firearm (count 6); and with being a felon in possession of a firearm, alleged to be "a Taurus 'The Judge' .410/45 caliber revolver" (count 7).

Discovery produced by the government suggests that counts 1-3 stem from three controlled buys conducted in August and September 2020. More than a year later, on November 23, 2021, law enforcement obtained a warrant to search a residence (55 Killington Avenue, Rutland, VT) believed to be associated with Mr. Jackson. Discovery suggests that counts 4, 6, and 7 arise from the evidence found there, which the government alleges included one or more firearms. When law enforcement authorities determined that Mr. Jackson was not at the residence, the authorities stopped a car he was driving. The drugs found in the vehicle appear to be the basis for count 5. It is count 6, the § 924(c) count, that is at issue in this motion.

## Argument

Federal Rule of Criminal Procedure 7(f) provides that, upon request, the government may be directed to file a bill of particulars. Previously, the Rule required the defendant to show cause. That requirement, however, was eliminated with the 1966 amendment that "encourage[s] a more liberal attitude by the courts towards bill of particulars." Fed. R. Crim. P. 7(f) advisory committee's notes. The district court enjoys broad discretion to order a bill of particulars where it is warranted. *See United States v. Bin Laden*, 92 F. Supp. 2d 225, 233 (S.D.N.Y.

2000). "[T]he function of a bill of particulars is to provide [a] defendant with information about the details of the charge against him if it is necessary to the preparation of his defense, and to avoid prejudicial surprise at trial." *United States v. Torres*, 901 F.2d 205, 234 (2d Cir. 1990) (quoting 1 Charles A. Wright, Federal Practice and Procedures §129, at 434-35 (2d ed. 1982) and citing *United States v. Bortnovsky*, 820 F.2d 572, 574 (2d Cir. 1987) (per curiam)). A bill of particulars here is needed in this case in light of the generality of the charged crime and the limited information thus far provided to defense counsel.

Count 6 alleges a violation of 18 U.S.C. § 924(c)(1)(A)(i) and (ii). It charges in full that:

> Between in or about the summer of 2020 and on or about November 23, 2021, in the District of Vermont, the defendant LAWRENCE JACKSON, aka "Boo-Bee," knowingly carried and used firearms during and in relation to drug trafficking crimes, and knowingly possessed firearms in furtherance of drug trafficking crimes, for which he may be prosecuted in a Court of the United States, namely, possession with intent to distribute and distribution of cocaine base in violation of Title 21, United States Code, Section 841(a), and maintaining a drug involved premises, in violation of Title 21, United States Code, Section 856(a)(l). During this offense, the defendant LAWRENCE JACKSON, aka "Boo-Bee," brandished a firearm.

Beyond the 18-month period alleged in the indictment, the charge does not provide a date or any context—such as a particular firearm or other individual(s) involved in the incident—that would allow Mr. Jackson to identify the incident or otherwise mount a defense. Nor does discovery produced thus far identify or otherwise narrow the scope of time or the firearm or individuals involved in the

§ 924(c) offense or the brandishing. Without additional information, Mr. Jackson is unable to investigate the charge and prepare an adequate defense.

## CONCLUSION

For the reasons stated above, Mr. Jackson respectfully requests that the Court grant his motion for a bill of particulars as to Count 6.

Dated: September 2, 2022.

> By: */s/ Michael L. Desautels*
> MICHAEL L. DESAUTELS
>
> Office of the Federal Public Defender
> District of Vermont
> 95 Pine Street, Suite 150
> Burlington, Vermont  05401
> Phone: (802) 862-6990
> Email: Michael_Desautels@fd.org
> Counsel for Lawrence Jackson