UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) Case No. 2:21-cr-00113 |
| | ) |
| LAWRENCE JACKSON, | ) |
| Defendant. | ) |

**OPINION AND ORDER
GRANTING IN PART AND DENYING IN PART
DEFENDANT'S MOTION FOR A BILL OF PARTICULARS**
(Doc. 37)

This matter comes before the court on Defendant Lawrence Jackson's motion for a bill of particulars concerning Count Eight of the Second Superseding Indictment, which alleges a violation of 18 U.S.C. § 924(c)(1)(A)(i) and (ii) and specifically alleges that Mr. Jackson "brandished" a firearm. Mr. Jackson seeks the dates on which he is alleged to have violated § 924(c) and the identification of the firearm he allegedly "brandished." He also requests information about any other "individuals involved in the § 924(c) offense or the brandishing." (Doc. 37 at 3-4.) The government opposes the motion.

Mr. Jackson is represented by Michael L. Desautels, the Federal Public Defender for the District of Vermont. The government is represented by Assistant United States Attorneys Jonathan A. Ophardt and Zachary B. Stendig.

**I.    Factual and Procedural Background.**

On May 23, 2022, Mr. Jackson was charged in a seven-count Superseding Indictment with distributing cocaine on three occasions in August and September 2020 (Counts 1-3); maintaining a residence for purposes of distributing illegal narcotics (Count 4); possessing cocaine and cocaine base with the intent to distribute (Count 5); carrying, using, and possessing firearms during, in relation to, and in furtherance of drug trafficking crimes (Count 6), and being a felon in possession of a firearm, alleged to be "a Taurus 'The Judge' .410/.45 caliber revolver." (Count 7) (Doc. 27 at 7.)

According to Mr. Jackson,

> Discovery produced by the government suggests that [C]ounts 1-3 stem from three controlled buys conducted in August and September of 2020. More than a year later, on November 23, 2021, law enforcement obtained a warrant to search a residence (55 Killington Avenue, Rutland, VT) believed to be associated with Mr. Jackson. Discovery suggests that [C]ounts 4, 6, and 7 arise from the evidence found there, which the government alleges included one or more firearms. When law enforcement authorities determined that Mr. Jackson was not at the residence, the authorities stopped a car he was driving. The drugs found in the vehicle appear to be the basis for [C]ount 5. It is [C]ount 6, the § 924(c) count, that is at issue in this motion.

(Doc. 37 at 2.)

Count Six of the Superseding Indictment charged Mr. Jackson with violating 18 U.S.C. § 924(c)(1)(A)(i) and (ii) and alleged:

> Between in or about the summer of 2020 and on or about November 23, 2021, in the District of Vermont, the defendant LAWRENCE JACKSON, aka "Boo-Bee," knowingly carried and used firearms during and in relation to drug trafficking crimes, and knowingly possessed firearms in furtherance of drug trafficking crimes, for which he may be prosecuted in a Court of the United States, namely, possession with intent to distribute and distribution of cocaine base in violation of Title 21, United States Code, Section 841(a), and maintaining a drug involved premises, in violation of Title 21, United States Code, Section 856(a)(1). During this offense, the defendant LAWRENCE JACKSON, aka "Boo-Bee," brandished a firearm.

(Doc. 27 at 6.)

On September 2, 2022, Mr. Jackson filed a motion for a bill of particulars, arguing that additional information was needed for his defense "in light of the generality of the charged crime and the limited information" provided to defense counsel. (Doc. 37 at 3.) He noted that the § 924(c) charge does not provide a date "[b]eyond the 18-month period alleged . . . that would allow Mr. Jackson to identify the incident or otherwise mount a defense." *Id.* Discovery produced by the government as of the filing of his motion allegedly failed to "identify or otherwise narrow the scope of time or the firearm or individuals involved in the § 924(c) offense or the brandishing." *Id.* at 3-4.

On September 7, 2022, a grand jury returned a Second Superseding Indictment against Mr. Jackson and others (Doc. 39), which contains a § 924(c) charge set forth as Count Eight rather than Count Six, and alleges:

> Between in or about January of 2021 and on or about November 23, 2021, in the District of Vermont, the defendant LAWRENCE JACKSON, aka "Boo-Bee," knowingly carried and used firearms during and in relation to drug trafficking crimes, and knowingly possessed firearms in furtherance of drug trafficking crimes, for which he may be prosecuted in a Court of the United States, namely the offense in Count One.
>
> During this offense, the defendant LAWRENCE JACKSON, aka "Boo-Bee," brandished a firearm on multiple occasions, as outlined below:
>
> - In or about the summer of 2021, JACKSON brandished a firearm in the presence of FEMALE-1. JACKSON brandished the firearm at FEMALE-1 because he believed that FEMALE-1 had stolen a large quantity of cocaine and cocaine base.
>
> - In or about the summer of 2021, JACKSON brandished a firearm in the presence of MALE-1 and struck MALE-1 with the firearm. JACKSON's striking of MALE-1 with the firearm was, in part, over money owed by MALE-1 to JACKSON for cocaine and cocaine base.
>
> - In or about the summer of 2021, JACKSON brandished a firearm in the presence of FEMALE-2 and struck FEMALE-2 with the firearm. JACKSON brandished the firearm at FEMALE-2 and struck her with the firearm because JACKSON believed that FEMALE-2 had stolen a large quantity of cocaine and cocaine base.
>
> - In or about June of 2021, JACKSON, while possessing cocaine base with the intent to distribute, brandished a firearm in the presence of FEMALE-3. After brandishing the firearm, JACKSON sexually assaulted FEMALE-3. After sexually assaulting FEMALE-3, JACKSON distributed some of the cocaine base he possessed to FEMALE-3.
>
> - In or about August 2021, JACKSON, while possessing cocaine base with the intent to distribute it, brandished a firearm in the presence of MALE-2.
>
> (18 U.S.C. § 924(c)(1)(A)(i) and (ii))

(Doc. 39 at 8-9.)

On October 14, 2022, the government opposed Mr. Jackson's motion for a bill of particulars, asserting that the motion is mooted by the Second Superseding Indictment, which "addresses nearly all of the defendant's requests in his motion." (Doc. 62 at 1.)

3

The government confirms that it "intends to proceed to trial on the Second Superseding Indictment[,] not the first superseding indictment that was the subject of [Mr. Jackson's] motion." *Id.* at 3 (emphasis omitted). Alternatively, the government asserts that even if Mr. Jackson's motion is not moot, Mr. Jackson is not entitled to a bill of particulars because the indictment "adequately places [Mr. Jackson] on notice of the charges against him." *Id.* at 5. The government does not describe the discovery it has produced to date but rather relies on the alleged sufficiency of the Second Superseding Indictment.

After filing the Second Superseding Indictment, the government contacted Mr. Jackson's counsel to ask whether Mr. Jackson wished to withdraw his motion for a bill of particulars. Mr. Jackson's counsel declined to do so. On October 28, 2022, the court took Mr. Jackson's motion under advisement.

## II. Conclusions of Law and Analysis.

### A. Legal Standard Governing Bills of Particulars.

Under Fed. R. Crim. P. 7(f), a court "may direct the government to file a bill of particulars." A bill of particulars is typically ordered "to provide sufficient information about the nature of the charge to enable a defendant to prepare for trial, to avoid unfair surprise, and to preclude a second prosecution for the same offense." *United States v. Kogan*, 283 F. Supp. 3d 127, 132 (S.D.N.Y. 2017) (citing *United States v. Torres*, 901 F.2d 205, 234 (2d Cir. 1990)); *see also United States v. Huggans*, 650 F.3d 1210, 1220 (8th Cir. 2011) ("The purpose of a bill of particulars is to inform the defendant of the nature of a charge with sufficient precision to enable him to prepare for trial and to avoid or minimize the danger of surprise at trial.") (internal quotation marks omitted) (quoting *United States v. Livingstone*, 576 F.3d 881, 883 (8th Cir. 2009)); *United States v. Feola*, 651 F. Supp. 1068, 1132 (S.D.N.Y. 1987) (stating that a bill of particulars is merited "only where the charges of the indictment are so general that they do not advise the defendant of the specific acts of which he is accused."), *aff'd*, 875 F.2d 857 (2d Cir. 1989).

Although the Second Circuit has "consistently sustained indictments which track the language of a statute and, in addition, do little more than state time and place in

4

approximate terms[,]" *United States v. Salazar*, 485 F.2d 1272, 1277 (2d Cir. 1973), in certain circumstances, a bill of particular remains warranted. "[T]he principal function of a bill of particulars is to apprise a defendant of the essential facts of the crime for which [he] has been indicted, especially in instances where the indictment itself does little more than track the language of the statute allegedly violated." *United States v. Bell*, 2020 WL 7260518, at *4 (S.D.N.Y. Dec. 10, 2020) (quoting *Salazar*, 485 F.2d at 1278); *see also United States v. Moyer*, 674 F.3d 192, 203 (3d Cir. 2012) ("When an indictment merely quotes the language of a statute and that statute contains generalities, the indictment must factually define those generalities, descending into particulars.").

Correspondingly, "[i]f the defendant has been given adequate notice of the charges against him, the government is not required to disclose additional details about its case." *United States v. Solomonyan*, 451 F. Supp. 2d 626, 641 (S.D.N.Y. 2006) (internal quotation marks omitted) (quoting *United States v. Payden*, 613 F. Supp. 800, 816 (S.D.N.Y. 1985)); *see also United States v. Maurya*, 25 F.4th 829, 838 (11th Cir. 2022) (denying the defendant's request for a bill of particulars when the indictment "put [the defendant] on adequate notice of the charges against him."). "In determining whether to grant a bill of particulars, the court must consider whether the requested information is necessary to allow the defense to adequately prepare for trial—not whether such information would be merely helpful to the defense." *United States v. Hamilton*, 487 F. Supp. 3d 140, 148 (E.D.N.Y. 2020).

"Whether to grant a bill of particulars is generally a decision entrusted to the sound discretion of the district court." *United States v. Ramirez*, 609 F.3d 495, 502 (2d Cir. 2010) (citing *United States v. Barnes*, 158 F.3d 662, 665-66 (2d Cir. 1998)). In exercising this discretion, "the court must examine the totality of the information available to the defendant—through the indictment, affirmations, and general pre-trial discovery—and determine whether, in light of the charges that the defendant is required to answer, the filing of a bill of particulars is warranted." *United States v. Rogas*, 547 F. Supp. 3d 357, 365 (S.D.N.Y. 2021) (internal quotation marks omitted) (quoting *United States v. Bin Laden*, 92 F. Supp. 2d 225, 233 (S.D.N.Y. 2000), *aff'd sub nom. In re*

5

*Terrorist Bombings of U.S. Embassies in E. Afr.*, 552 F.3d 93 (2d Cir. 2008)). A court may deny a bill of particulars "if the information sought by defendant is provided in the indictment or in some acceptable alternate form[.]" *United States v. Tuzman*, 301 F. Supp. 3d 430, 450 (S.D.N.Y. 2017) (internal quotation marks omitted) (quoting *United States v. Bortnovsky*, 820 F.2d 572, 574 (2d Cir. 1987)); *see also United States v. Usher*, 2017 WL 5633315, at *3 (S.D.N.Y. Oct. 12, 2017) (denying request for bill of particulars when the government "agreed to provide [the d]efendants with the [requested information]"); *United States v. Chen*, 378 F.3d 151, 163 (2d Cir. 2004) ("[A] bill of particulars is not necessary where the government has made sufficient disclosures concerning its evidence and witnesses by other means.") (internal quotation marks omitted) (quoting *United States v. Walsh*, 194 F.3d 37, 47 (2d Cir. 1999)).

A bill of particulars "cannot be used as a weapon to force the government into divulging its prosecution strategy" and the court "do[es] not allow defendants to 'compel the government to detailed exposition of its evidence or to explain the legal theories upon which it intends to rely at trial' in that manner." *Maurya*, 25 F.4th at 838 (quoting *United States v. Burgin*, 621 F.2d 1352, 1359 (5th Cir. 1980)); *see also Hamilton*, 487 F. Supp. 3d at 153 ("[A] bill of particulars 'is not meant to enable a defendant to obtain a preview of the government's evidence before trial or to learn the legal theory upon which the government will proceed.'") (quoting *United States v. Rodriguez*, 2019 WL 112621, at *6 (E.D.N.Y. Jan. 4, 2019)). "Thus, courts have refused to treat a bill of particulars as a general investigative tool for the defense, or as a device to compel disclosure of the Government's evidence or its legal theory prior to trial." *Feola*, 651 F. Supp. at 1132 (citations omitted). However, "if the defendant demonstrates the requisite necessity for the information, the bill must be granted, regardless of whether it will result in the disclosure of the government's evidence." *Payden*, 613 F. Supp. at 816 (citations omitted).

**B. Whether Mr. Jackson is Entitled to a Bill of Particulars.**

Count Eight of the Second Superseding Indictment generally tracks the text of § 924(c). *Compare* Doc. 39 at 8 (alleging that Mr. Jackson "carried and used firearms

6

during and in relation to drug trafficking crimes, and knowingly possessed firearms in furtherance of drug trafficking crimes") *with* 18 U.S.C. § 924(c)(1)(A) ("any person who, during and in relation to any crime of violence or drug trafficking crime . . . uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm" shall be sentenced as provided in the statute). It, however, contains additional information regarding the time frame and the incident in which a firearm was allegedly "brandished."

Defendants are generally not entitled to the "wheres, whens, and with whoms" of a crime. *United States v. Collazo*, 2004 WL 2997843, at *6 (S.D.N.Y. Dec. 22, 2004) (internal quotation marks omitted). Instead, an indictment must merely "state the time and place (in approximate terms) of the alleged crime[.]" *United States v. Tramunti*, 513 F.2d 1087, 1113 (2d Cir. 1975). In *Tramunti*, the criminal defendant was not prejudiced by a "somewhat limited bill of particulars" when, among other things, the indictment "stated in broad terms the time and place of the crime[.]" *Id.* The indictment in *Tramunti* either provided exact dates, *see id.* at 1094 ("Count Twenty-six charged Russo with possession of one-quarter kilogram of heroin with intent to distribute on January 10, 1973") or a specific month and year. *See id.* ("Count Twenty-seven charged Tramunti . . . with possession of three kilograms of heroin with intent to distribute in May, 1973.").

In contrast, Count Eight remains relatively vague regarding the dates of the "brandishing." For example, it identifies five instances in which Mr. Jackson is alleged to have brandished a firearm, which took place "in or about the summer of 2021," "[i]n or about June of 2021[,]" and "[i]n or about August of 2021[.]" (Doc. 39 at 8-9.) Count Eight further states that Mr. Jackson allegedly "brandished" his firearms "at" or "in the presence of" various individuals identified as "FEMALE" -1, -2, and -3, and "MALE" -1 and -2 and ties those alleged "brandishings" to certain events (theft of drugs, disputes over drug debt, assault with a firearm over theft of drugs, sexual assault, and possession of illegal drugs).

Courts in the Second Circuit have acknowledged approximate dates often suffice to avoid surprise, prepare a defense, and advance a double jeopardy claim. *Compare United States v. Roberts*, 264 F. Supp. 622, 624 (S.D.N.Y. 1966) (granting the

7

defendant's request for a bill of particulars as to the date and time of the alleged offense, noting that an "approximate time" is sufficient and differentiating these requests from those that "seek only evidence"), *with United States v. Morales*, 280 F. Supp. 2d 262, 274 (S.D.N.Y. 2003) (denying motion for bill of particulars when, among other things, the sixth superseding indictment "describe[d], with specific dates and locations, the conspiracy at issue in the case"); *see also United States v. Green*, 2016 WL 3610331, at *17 (W.D.N.Y. July 6, 2016) ("Courts have denied motions for bills of particulars where 'the indictment specifies the time, place[,] and nature of the alleged criminal conduct.'") (quoting *United States v. Remire*, 400 F. Supp. 2d 627, 633 (S.D.N.Y. 2005)); *United States v. Guerrero*, 669 F. Supp. 2d 417, 428 (S.D.N.Y. 2009) (denying motion for bill of particulars when, inter alia, "[t]he [i]ndictment charge[d] discrete events, mostly on specific dates").

Here, without providing additional information regarding the dates of the alleged brandishings, the location, the individuals present, or the firearm involved, the Second Superseding Indictment provides Mr. Jackson with insufficient particularity to prepare a defense. For this reason, the court agrees that further precision regarding the dates and locations involved in the five alleged brandishings set forth in Count Eight is appropriate. It therefore orders the government to narrow the date range to an approximate fifteen-day period and to provide the city or town in which the alleged brandishing took place.

Mr. Jackson also seeks information regarding the specific firearm that he is alleged to have used in the § 924(c) violation. Subsection (B) of § 924(c)(1) provides for different mandatory minimum sentences based on the type of weapon used.[1] The government argues that the identity of the particular firearm involved is "inconsistent with the actual elements the government must prove at trial." (Doc. 62 at 6.) However, it

---

[1] *See* § 924(c)(1)(B)(i) ("If the firearm possessed by a person convicted of a violation of this subsection . . . is a short-barreled rifle, short-barreled shotgun, or semiautomatic assault weapon, the person shall be sentenced to a term of imprisonment of not less than 10 years[.]") *and* § 924(c)(1)(B)(ii) ("If the firearm . . . is a machinegun or a destructive device, or is equipped with a firearm silencer or firearm muffler, the person shall be sentenced to a term of imprisonment of not less than 30 years.").

does not further claim it cannot reveal whether a long gun or handgun was allegedly brandished and whether the firearm had characteristics that might trigger an enhanced sentence.

In *United States v. O'Brien*, the Supreme Court held that § 924(c)(1)(B)(ii), which requires a thirty-year prison sentence if the firearm used is a machinegun or destructive device, was an element of the offense rather than a sentencing factor. 560 U.S. 218, 235 (2010). This is because "any fact that increases the mandatory minimum is an 'element' that must be submitted to the jury[,]" *Alleyne v. United States*, 570 U.S. 99, 103 (2013), and "proved . . . beyond a reasonable doubt." *O'Brien*, 560 U.S. at 224. Because the type of firearm used in Mr. Jackson's alleged § 924(c) violation may increase the mandatory minimum, the government must inform Mr. Jackson that the firearm is not one that would trigger application of § 924(c)(1)(B). Although it would be preferable for the government to disclose the identifying characteristics of the firearm involved, provided it is not one that may enhance the penalty, it need not do so beyond indicating whether it was a handgun or a long gun.

To the extent Mr. Jackson seeks information about the witnesses identified in Count Eight, the government has expressed concerns regarding the safety of its witnesses should their names be identified in a bill of particulars or in the Second Superseding Indictment:

> During the course of the government investigation, witnesses have reported to investigators[] that in addition to engaging in numerous acts of violence, . . . Jackson has raped and sexually assaulted multiple women. One victim was allegedly held down by Jackson while he burned her flesh with a butane torch. Another woman has reported incidents of perceived intimidation that she attributes to Jackson. Thus, the government has substantial concerns sufficient to withhold witness names and identi[t]ies.

(Doc. 62 at 7.) The court agrees that these concerns are legitimate and concludes the identity of witnesses need not be disclosed at this time apart from the government's pre-existing discovery obligations. *See United States v. Kevin*, 1999 WL 194749, at *12 (S.D.N.Y. Apr. 7, 1999) (denying defendants' motion for a bill of particulars containing victims' names when the "case charge[d] the defendants with violent crimes, presenting a

9

clear risk of danger"); *United States v. Sindone*, 2002 WL 48604, at *1 (S.D.N.Y. Jan. 14, 2002) (denying defendant's request for a bill of particulars seeking the names of alleged co-conspirator and victims because "[t]he stakes in a criminal case are high, and temptations of perjury, subornation[,] and intimidation are ever present. . . . [T]he government is not required to turn over information that will permit a defendant to . . . see to it that the government's proof is not presented"); *United States v. Gotti*, 2004 WL 32858, at *9 (S.D.N.Y. Jan. 6, 2004) (denying a motion for a bill of particulars as to the identities of co-conspirators, witnesses, and victims when the indictment included acts of violence).

    Because the court will order a bill of particulars with a more precise date and location of the alleged brandishings as well more specific information regarding the firearm allegedly used and whether it would trigger § 924(c)(1)(B), no further information is necessary to provide Mr. Jackson with sufficient information to prepare a defense, avoid or minimize surprise at trial, and enable him to advance a double jeopardy claim if he is subsequently prosecuted for the same crime. *See Wong Tai v. United States*, 273 U.S. 77, 80-82 (1927).

## CONCLUSION

For the foregoing reasons, the court GRANTS IN PART AND DENIES IN PART Defendant's motion for a bill of particulars. (Doc. 37.) It hereby ORDERS the government to provide a bill of particulars disclosing: (1) the approximate dates within a range of fifteen days on which Mr. Jackson is alleged to have "brandished" a firearm under § 924(c); (2) the city or town where each "brandishing" took place; and (3) whether the firearm involved in the alleged brandishing has any characteristics that might trigger an enhanced sentence, and whether it was a handgun or a long gun. The court DENIES Defendant's request for the identities of the witnesses listed in Count Eight and for any other information.

SO ORDERED.

Dated at Burlington, in the District of Vermont, this 18th day of November, 2022.

Christina Reiss, District Judge
United States District Court